# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| JAQUELINE MASSEY,<br>Individually and as Administrator<br>of the Estate of Cameron Massey, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:15-cv-739-MHT-PWG |
| | ) | |
| RALPH CONNER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Cameron Massey was killed by gunshot wounds he sustained during a traffic stop initiated by City of Eufala ("the City") police officers John Phillips and Ralph Connor. (Doc. 1 at 2). Jaqueline Massey ("Plaintiff") brings this lawsuit, individually and as the administrator of the estate of Cameron, seeking redress for injuries she alleges pursuant to 42 U.S.C. § 1983 for violations of Cameron's Fourth and Fourteenth Amendment rights as well as state law claims of wrongful death and municipal liability under state law.  This matter is before the court on the Defendants' motion to dismiss for failure to state a claim upon which relief can be granted (Doc. 19).  The motion is fully briefed and taken under submission on the record and without oral argument.

## I.    JURISDICTION

Subject matter jurisdiction is conferred by 28 U.S.C. § 1331 as to Plaintiff's federal causes of action, and the court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both.  *See* 28 U.S.C. § 1391.  On October 22, 2015, this matter was referred to the undersigned by U.S. District Judge Myron H. Thompson for disposition or recommendation on all pretrial matters.  (Doc. 38).  *See also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507 (11th Cir. 1990).

## II.    BACKGROUND AND STATEMENT OF FACTS[1]

Connor was the Chief of the City's police department. (Doc. 1 at ¶ 2).  Phillips was an officer in the employ of the City's police department. (Doc. 1 at ¶ 3).  On October 15, 2013, Phillips and Connor, acting in their official capacities, made a traffic stop on a vehicle in which Cameron was seated in the front passenger seat.

---

[1]These are the facts for purposes of recommending a ruling on the pending motions to dismiss; they may not be the actual facts and are not based upon evidence in the court's record.  They are gleaned exclusively from the allegations in the Complaint. The court did not consider certain additional facts mentioned in the City's Memorandum Brief (Doc. 19, 19-1). *See* Federal Rule Civil Procedure 12. Therefore, the motion to dismiss at issue is not converted to a Rule 56 motion for summary judgment.

(Doc. 1 at 2).  Cameron was unarmed. (*Id.*).  The driver of the vehicle drove the car onto the property of a local auto-repair business, and Phillips and Connor positioned their respective patrol vehicles behind the subject vehicle. (*Id.*).  Connor was positioned at the passenger side window of the vehicle while the vehicle was stopped, at which time Connor discharged his firearm. (*Id.*).[2]  "[A]fter Connor discharged his firearm, Cameron leaned over - from the passenger seat - to press the gas pedal" of the vehicle, causing the vehicle to move forward. (Doc. 1 at 3).  "Phillips ran alongside the car while shooting into the vehicle." (*Id.*).  Plaintiff alleges that Cameron posed no threat to anyone and that Cameron was not moving so as to strike Connor or Phillips with the vehicle.

On October 7, 2015, Plaintiff, individually and as the administrator of the estate of Cameron Massey, filed a complaint in this court alleging four counts against the Defendants:

> I - Violations of Fourteenth Amendment rights against Phillips and Connor.  (Doc. 1 at ¶¶ 47-50).

---

[2]Defendants argue that "Plaintiff cannot keep her story straight" as to whether the car was moving or at a complete stop at the time Connor fired his weapon into the vehicle. (Doc. 19 at 2)("When Defendant Phillips shot Cameron, the car was stopped" *Id.* at ¶ 17.  "When Defendant Phillips shot Cameron, Phillips was running alongside of the subject car and was nowhere near the front of the car or near the rear of the car." *Id.* at ¶ 19.).  The facts as presented in this report have been presented as best as possible to reflect Plaintiff's factual allegations as they are contained in the Complaint.

II - Wrongful Death, § 6-5-410, Ala. Code 1975, against Phillips and Connor under Alabama tort law. (Doc. 1 at ¶¶ 51-57).

III - Municipal Liability, § 11-47-190, Ala. Code 1975, against the City for the acts of Phillips and Connor. (Doc. 1 at ¶¶ 58-64).

IV - Municipal Liability, § 11-47-190, Ala. Code 1975, against the City for the negligent hire of Phillips and Connor.  (Doc. 1 at ¶¶ 65-69).

## III.   MOTION TO DISMISS STANDARDS OF REVIEW

Defendants' motion to dismiss is brought pursuant to both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

### 1.      12(b)(1) motion to dismiss standard of review.

The Rule 12(b)(1) standard of review was summarized in *Greenwell v. University of Alabama Bd. of Trustees*, 2012 WL 3637768 (N. D. Ala. Aug. 22, 2012). The court explained:

> Challenges to subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure can exist in two substantially different forms: facial attacks and factual attacks. *Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). When presented with a facial attack on the complaint, the court determines whether the complaint has sufficiently alleged subject-matter jurisdiction. *Sinaltrainal*, *578* F.3d at 1260. The court proceeds as if it were evaluating a Rule 12(b)(6) motion; that is, it views the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged in the complaint as true. *Id.*
>
> On the other hand, factual attacks question "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are

4

considered." *Id.* (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). When a court is confronted with a factual attack, the standard of review diverges considerably:

> [T]he trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

> *Lawrence*, 919 F.2d at 1529 (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.), cert. denied, 454 U.S. 897 (1981)). When a district court has pending before it both a 12(b)(1) motion and a 12(b)(6) motion, the generally preferable approach, if the 12(b)(1) motion essentially challenges the existence of a federal cause of action, is for the court to find jurisdiction and then decide the 12(b)(6) motion. *Jones v. State of Ga.*, 725 F .2d 622, 623 (11th Cir.1984).

*Greenwell* at *5. (alterations in original).

Defendants' motion to dismiss presents a facial attack because it is "based solely on the allegations in the complaint." *FCCI Ins. Co. v. McLendon Enterprises, Inc.*, 2013 WL 1898159 at *1 (S.D. Ga. May 7, 2013)(quoting *Gibbs v. United States*, 865 F. Supp. 2d 1127, 1135 (S.D. Fla. 2012)(in turn quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n. 5 (11th Cir. 2005). Thus, the factual allegations in Plaintiff's complaint will be taken as true and construed in the light most favorable

to Plaintiff. *See also Carmichael v. Kellogg, Brown, and Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009)(a Rule 12(b)(1) facial challenge applies a Rule 12(b)(6) perspective); *Lawrence v. Dunbar*, *supra* at 1528-29 (a facial attack requires the court to accept plaintiff's allegations as true and determine if the complaint sufficiently alleges a basis for subject matter jurisdiction).

> **2.     12(b)(6) motion to dismiss standard of review**.

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the Complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff."  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  The standard also "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the claim.  *Twombly*, 550 U.S. at 556.  While the complaint need not set out "detailed factual allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level."  *Id.* at 555.

"So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 550 U.S. 558 (quoting 5 Wight & Miller § 1216, at 233-34 (quoting in turn *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Haw. 1953)) (alteration original). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

7

> "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

*Iqbal*, 556 U.S. at 679.

## IV.   DISCUSSION

### A. Plaintiff's Standing to Sue in Her Individual Capacity

Defendants argue that "[t]o the extent Plaintiff asserts § 1983 and state law claims in her individual capacity, those claims must be dismissed for lack of standing" (Doc. 19 at 6) because, under Alabama's Wrongful Death Act, only a personal representative may bring such an action. *See* § 6-5-410(a), Ala. Code 1975 ("A personal representative may commence an action and recover such damages as the jury may assess in a court of competent jurisdiction within the State of Alabama . . .").  Alabama law is clear that, when an individual dies before bringing a lawsuit, all state law claims that individual could have asserted prior to his demise are subsumed by a claim for wrongful death.  *See Bassie v. Obstetrics & Gynecology Assocs. of Northwest Ala., P.C.*, 828 So. 2d 280, 282 (Ala. 2002) ("a deceased's unfiled tort claims do not survive the death of the putative plaintiff[]"); Ala. Code §§ 6-5-410, 6-5-462.   Plaintiff concedes this point in her response. (Doc. 23 at

8

2)(Plaintiff's "claims are being brought in her capacity as administrator of the Decedent's estate."). Accordingly, Defendants' motion to dismiss Plaintiff's claims in her individual capacity is due to be granted.

### B. Notice of Claim Requirement for Municipal Claims

Defendants move to dismiss Counts III and IV, alleging that "Plaintiff did not comply with the notice of claim requirements imposed by . . . Alabama Code § 11-47-23," which provides:

> "All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim or shall be barred. Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred."

Further, § 11-47-192 provides:

> "No recovery shall be had against any city or town on a claim for personal injury received, unless a sworn statement be filed with the clerk by the party injured or his personal representative in case of his death stating substantially the manner in which the injury was received, the day and time and the place where the accident occurred and the damages claimed."

Plaintiff's complaint alleged that she "has complied with all Notice of Claim requirements." (Doc. 1 at ¶ 56). Defendants argue that the notice provided by Plaintiff to the city was not filed by Cameron's personal representative, was not a "sworn statement," did not state the place or time of the injury, and did not state the

amount claimed. (Doc. 19 at 9-10).  In support of this argument, Defendants attached an exhibit to their motion. (Doc. 19-1).  Rule 12(d), Fed. R. Civ. P., provides that "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  For the purpose of addressing the Defendants' present motion, this court excludes the additional facts and exhibit offered by the Defendants. Taking the factual allegations of the Complaint as true, there is no indication within the pleadings that Plaintiff failed to comply with the notice requirements prior to commencing this action.[3]

### C. Count III[4] - Municipal Liability for the Acts of Phillips and Connor

In Count III of the Complaint, Plaintiff alleges that the City "is liable for Phillips and Connor's conduct because their conduct/response constituted neglectful, unskillful, and careless conduct that fell well below that of a well-trained officer" and "that both Connor and Phillips committed the act of negligent assault and battery

---

[3]In denying the Defendants' motion to dismiss for failure to provide required notice pursuant to §§ 11-47-23 and 11-47-192, this court is not suggesting that the Defendants are precluded from filing a properly supported motion pursuant to Rule 56, Fed. R. Civ. P., seeking similar relief. Further, no opinion is hereby suggested as to the potential outcome of such motion.

[4]Defendants present a number of theories on which they argue Counts III and IV are due to be dismissed.  For the sake of clarity, each of those counts is addressed separately in this report and recommendation.

against [Cameron]." (Doc. 1 at ¶ 63).  Alabama law provides:

> "No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the neglect, carelessness, or unskillfulness of some agent, officer, or employee of the municipality engaged in work therefor and while acting in the line of his or her duty, or unless the said injury or wrong was done or suffered through the neglect or carelessness . . ."

§ 11-47-190, Ala. Code 1975.

> "Alabama law provides a municipality with immunity for injuries caused by its agents unless the injury resulted from the 'neglect, carelessness, or unskillfulness' of the agent. Ala. Code § 11–47–190; *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 742–43 (11th Cir. 2010). Under Alabama law, excessive force during an arrest, or assault and battery, can constitute 'unskillfulness' under § 11–47–190 if it 'falls below the response which a skilled or proficient officer would exercise in similar circumstances.' *City of Birmingham v. Thompson*, 404 So. 2d 589, 592 (Ala. 1981); see also *Lee v. Houser*, —— So.3d ——, 2013 WL 6703454, *9 (Ala. 2013) (explaining that a plaintiff may state a negligence claim against a city when an officer negligently causes or allows an assault and battery). *See Brown*, 608 F.3d at 742–43 (concluding that the facts showed that the officer acted intentionally when spraying the plaintiff with pepper spray during an arrest)."

*Fowler v. Meeks*, 569 F. App'x 705, 708 (11th Cir. 2014).

In her Complaint, Plaintiff alleged that "Connor discharged his firearm in an attempt to kill Cameron." (Doc. 1 at 2).  "Phillips and Connor violated [the City's] procedures *wilfully* using deadly force while knowing the subject was unarmed and posed no threat to anyone." (Doc. 1 at ¶ 59)(emphasis added).  "***Prior to Phillips and***

***Connor shooting [Cameron], Defendant Phillips held a personal vendetta against***

***Cameron and that is one reason why [Cameron] and the driver of the car were***

***trying to call the Mayor of Eufala to report harassment.***" (Doc. 1 at ¶ 3)(emphasis

in the original).  "Phillips had a personal dislike for Cameron prior to firing his

weapon at [him]." (Doc. 1 at ¶ 23).

> "[T]he Alabama Supreme Court held that where it [i]s unclear whether
> the plaintiff's claims for 'assault and battery, false imprisonment and
> false arrest,' actually asserted 'vicarious liability for an intentional tort
> against the City,' § 11–47–190 would not immunize [a municipality]
> 'where a plaintiff alleges a factual pattern that demonstrates neglect,
> carelessness, or unskillfulness.' *Id.* (quotation marks omitted). In this
> case, however, all of [the plaintiff's] evidence indicated that [the police
> officer's] use of pepper spray and other force against her was
> intentional, as opposed to neglectful or careless."

*Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 743 (11th Cir. 2010).  In this case,

Plaintiff alleged that Connor and Phillips acted "willfully" and with a vendetta in an

attempt to kill Cameron despite knowing him to be unarmed, unthreatening, and

seatbelted in the passenger seat of a stationary car, yet Plaintiff concluded that the

Defendants' actions were negligent, unskillful, and careless as a matter of law.  While

the court must construe all factual allegations in the light most favorable to Plaintiff

as the non-moving party, "the tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556

U.S. at 663.  The facts, even when viewed in the light most favorable to Plaintiff, are

that Phillips and Connor acted with the intent to kill Cameron, rather than negligently, unskillfully, or carelessly. *See Fowler*, 569 F. App'x at 708 ("Thus, because the facts show intentional conduct, the City is entitled to immunity under § 11–47–190.") Accordingly, the City cannot be held vicariously liable for the intentional torts of Phillips and Connor pursuant to § 11–47–190, and the Defendants' motion to dismiss Count III of Plaintiff's Complaint is due to be granted.

### D. Count IV - Municipal Liability for Negligent Hiring

In Count IV of the Complaint, Plaintiff alleges that

"***non***-police officer personnel violated the City's policies/procedures and recognized hiring standards in a neglectful, unskillful and careless manner. [The City] failed to conduct an adequate background check regarding the disciplinary history of Connor and history of Phillips. Had an adequate disciplinary history been conducted, then, as one responsible city official has already stated, Connor would have never been hired. And nor would Phillips have been hired."

(Doc. 1 at ¶ 67)(emphasis in original). The Defendants first argue that Plaintiff's claim of negligent hiring should be dismissed because it is subsumed by Alabama's Wrongful Death Act, § 6-5-410, Ala. Code 1975. The fact that a claim is subsumed under a wrongful death action is not alone dispositive. Regarding municipal liability for tortious acts, the Alabama Supreme Court has stated:

"[I]n 1975, this Court abolished the doctrine of municipal immunity in *Jackson v. City of Florence*, 320 So. 2d 68 (Ala. 1975). The abolition of sovereign immunity in *Jackson* **did not create any new causes of**

> **action** for activities that are inherently governmental in nature, but
> rather gave full effect to a municipal liability statute enacted by the
> legislature many years earlier."

*Hilliard v. City of Huntsville*, 585 So. 2d 889, 890 (Ala. 1991)(emphasis added).

Accordingly, Plaintiff's negligent hiring claims in Count IV brought pursuant to § 11-

47-190 are not a separate cause of action from Alabama's Wrongful Death Act;

rather, Count IV is a wrongful-death claim brought via the enabling provisions of §

11-47-190 on the theory that the City's negligent hire caused Cameron's wrongful

death.

Defendants argue that Count IV is due to be dismissed because it is a direct tort

claim against the City which, they allege, is not contemplated under § 11-47-190,

*supra*. However, under the plain reading of § 11-47-190, Plaintiff has alleged that

City "non-police personnel" and "officials" who were responsible for the hiring of

Phillips and Connor "failed to conduct an adequate background check regarding the

disciplinary history of Connor and history of Phillips." (Doc. 1 at ¶ 67). Accordingly,

Plaintiff has alleged a plausible claim that Cameron's death occurred as a result of

"the neglect, carelessness, or unskillfulness of some agent, officer, or employee of the

municipality engaged in work therefor and while acting in the line of his or her duty"

as provided by § 11-47-190, i.e., the City officials/personnel allegedly failed to

conduct adequate background checks on Phillips and Connor prior to hiring, such

14

checks would have prevented their hire and the shooting death of Cameron.

Defendants next argue that Count IV is due to be dismissed because Alabama does not recognize a cause of action for negligent hiring against a superior co-employee. Plaintiff argues that pursuant to *Ex parte City of Montgomery*, 99 So. 3d 282 (Ala. 2012), there is some indication that Alabama law would consider a negligent hire claim directly against a municipality under § 11-47-190:

> "The plaintiffs have asserted negligent hiring, training, and supervision claims against the City. The City ... argues that it is immune from suit as to these claims. We note that the City has failed to identify the individual or individuals specifically charged with the hiring, training, and supervision of the police officers, much less whether the individual or individuals are police officers entitled to State-agent immunity. Therefore, the City has failed to carry its burden under *Cranman* and was not entitled to a summary judgment as to the negligent hiring, training, or supervision claims asserted against it."

*Ex parte City of Montgomery*, 99 So. 3d at 299 (footnote omitted).[5] *See also Ex Parte*

_____

[5]This specific proposition based on *Ex parte City of Montgomery* has been considered by the courts of the Middle District of Alabama. *See Wright v. City of Ozark*, No. 1:12-cv-936-MEF, 2014 WL 1765925, at *9, n.8 (M.D. Ala. May 2, 2014) ("[T]he holding of *Ex parte City of Montgomery* is not clear, and it does not yet persuade this Court to depart from existing precedent."); *Ford v. City of Goodwater*, No. 2:12-cv-1094-MHT, 2014 WL 37857, at *8 (M.D. Ala. Jan. 6, 2014)("Since neither the mayor, the clerk, nor the council members are protected by § 6–5–338, the city may be held liable for their negligent acts, including acts of hiring, under § 11–47–190."); and *Hughes v. City of Montgomery*, No. 2:12-cv-1007-MHT, 2013 WL 5945078, at *3 (M.D. Ala. Nov. 6, 2013)(*Ex parte City of Montgomery* "appeared to suggest that, while city employees who are police officers are protected by state-agent immunity, those who are not peace officers are not protected by state-agent immunity (for, obviously, they are also not state employees either) and could be sued

15

*City of Midfield*, 161 So. 3d 1158, 1169 (Ala. 2014)("Like the City of Montgomery, the Midfield defendants have not identified the 'individual or individuals specifically charged with the ... training[ ] and supervision of the police officers, much less whether the individual or individuals are police officers entitled to State-agent immunity.' 99 So.3d at 299. Thus, Midfield has not demonstrated that it is immune from suit on the negligent-training-and-supervision claim...").  Plaintiff has alleged that "non-police" personnel were responsible for the City's decision to hire Phillips and Connor.  Neither party has identified which "agent, officer, or employee of the municipality" allegedly made the decision to hire Phillips and Connor and/or failed to conduct a background check on them.  However, Plaintiff has alleged that "one city official involved with hiring Connor stated that had he known about Connor's history, [the City] would have never hired Connor." (Doc. 1 at ¶ 41).  Further, the Complaint alleges that Connor has a history of excessive force regarding firearms. (Doc. 1 at ¶ 41).  Accepting the factual allegations of the Complaint as true, Plaintiff has pleaded a plausible claim for negligent hire against the City.

Defendants next argue that Plaintiff's negligent hire claim is due to be dismissed under a variety of immunity theories.  Defendants argue that "[t]he

under a negligent hiring, training, and supervision theory.").

16

unidentified city officials mentioned in Count IV are protected against a state law claim for negligent hiring by State-agent immunity." (Doc. 19 at 21).  However, Plaintiff has not made any City official or employee a defendant to this matter.  Count IV of the Complaint specifically pleaded that "the City of Eufala is liable," not any agent of the City. (Doc. 1 at ¶ 69).  State-agent immunity is inapposite to Count IV specifically because no state agent is a party to that claim.

The Defendants next argue that Count IV is barred by "discretionary function immunity." (Doc. 19 at 28); *See Ex parte City of Birmingham*, 624 So. 2d 1018, 1021 (Ala. 1993)("[A]s a general rule, city officials are immune from suit unless they violate clearly established law.")*.*  However, as stated above, Plaintiff has not made any City official or employee a defendant to this matter, and discretionary function immunity is inapposite as to the City in Count IV.

The Defendants next argue that Count IV is barred by "substantive immunity." (Doc. 19 at 30).

> "Substantive immunity, as it applies to police services however, immunizes only decisions of the governing authorities of a municipality not to deploy police officers or not to deploy more police officers for a particular service. ... Substantive immunity does not immunize a municipality from vicarious liability for the tortious act of a particular police officer."

*Hollis v. City of Brighton*, 885 So. 2d 135, 144 (Ala. 2004)(citations omitted).

Plaintiff presented no allegation that the City chose "not to deploy police officers or not to deploy more police officers for a particular service." *Id.*  Accordingly, substantive immunity is inapposite to Count IV.

Defendants also argue that "Plaintiff has not identified who was allegedly negligent" because the Complaint does not identify which allegedly non-police City officials or personnel were negligent in the decisions to hire Phillips and Connor. (Doc. 19 at 27).  However, in the two Alabama Supreme Court cases that have addressed unnamed municipal agents in this context, the burden has fallen to the defendant municipality to identify the responsible agents and any immunity claimed by the municipality as to their actions. *See City of Montgomery*, 99 So. 3d at 299 ("We note that the [defendant] City has failed to identify the individual or individuals specifically charged with the hiring, training, and supervision of the police officers, much less whether the individual or individuals are police officers entitled to State-agent immunity. Therefore, the City has failed to carry its burden under *Cranman* and was not entitled to a summary judgment as to the negligent hiring, training, or supervision claims asserted against it."); *Ex Parte City of Midfield*, 161 So. 3d 1158, 1169 (Ala. 2014)("[T]the Midfield defendants have not identified the 'individual or individuals specifically charged with the . . . training[ ] and supervision of the police officers, much less whether the individual or individuals are police officers entitled

18

to State-agent immunity.'" [*City of Montgomery*,] 99 So. 3d at 299.").  Moreover, to

the extent that Defendants argue that the City is immune to Count IV because "the

unidentified city officials have immunity against a claim for negligent hiring,"

Defendants have failed to demonstrate who those officials are such that a

determination could be made whether they are, in fact, entitled to any immunity

which might theoretically afford similar immunity to the City.

The Defendants also move to dismiss "all state law claims for compensatory

damages" (Doc. 19 at 35) on the basis of the "nonallowability of compensatory

damages" for wrongful death under Alabama state law. *Carter v. City of Birmingham*,

444 So. 2d 373, 380 (Ala. 1983).  *See also Roe v. Michelin N. Am., Inc.*, 613 F.3d

1058, 1065 (11th Cir. 2010)(The Alabama wrongful-death "statute's goal is to prevent

death, not to compensate for the loss of human life, which Alabama believes

possesses a value 'beyond measure.' *See Campbell*, 638 So. 2d at 811. Thus, a

Wrongful Death Act plaintiff may recover only punitive, rather than compensatory,

damages. *Id.* at 809.").  To the extent that Count IV seeks compensatory damages for

wrongful death, Defendants' motion to dismiss is due to be granted in Defendants'

favor.

Lastly, Defendants move to dismiss the Plaintiff's state law claim for attorney

fees. (Doc. 19 at 36).  Plaintiff's Complaint alleged that "Plaintiff is entitled to

reasonable attorney fees under applicable federal and state law." (Doc. 1 at ¶ 70). However, the Complaint offers no basis for such an award, and Plaintiff neglects to address this portion of the Defendants' motion in her Response. (Doc. 23).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).  Defendants' motion to dismiss Plaintiff's claim for attorney fees in Count IV is due to be granted in Defendants' favor.

## V.    CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that Defendants' motion to dismiss (Doc. 18) is due to be **GRANTED IN PART** and **DENIED IN PART**.  The motion to dismiss is due to be **GRANTED** as to Plaintiff's claims in her individual capacity; Plaintiff's claims for compensatory damages and attorney fees as to Count IV; and Plaintiff's Count III which alleged vicarious liability against the City pursuant to § 11–47–190 for the intentional torts of Phillips and Connor.  The Defendants' motion to dismiss is due to be **DENIED** as to Defendant's argument that Count IV should be dismissed and Defendant's argument that Plaintiff failed to provide notice pursuant to §§ 11-47-23 and 11-47-192.  Plaintiff has pleaded a plausible claim for negligent hire against the City, and Defendant has not demonstrated that the City is immune to that claim.

It is **ORDERED** that the parties shall file any objections to the said Recommendation on or before **March 31, 2016.**   Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

**DONE** and **ORDERED** this 17th day of March, 2016.

/s/ Paul W. Greene
United States Magistrate Judge