IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| JAQUELINE MASSEY, individually, and as the administrator of the estate of Cameron Massey, | ) ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | 2:15cv739-MHT (WO) |
| RALPH CONNOR, in his individual capacity, et al., | ) ) ) ) | |
| Defendants. | ) | |

ORDER

After an independent and de novo review of the record, it is ORDERED as follows:

(1) Plaintiff's objections (doc. no. 40) are sustained in part and overruled in part.

(2) Defendants' objections (doc. no. 39) are sustained in part and overruled in part.

(3) The recommendation of the United States Magistrate Judge (doc. no. 36) is adopted in part and rejected in part.

(4) Defendants' motion to dismiss (doc. no. 18) is granted in part and denied in part.

(5) To the extent she is pursuing this case individually, plaintiff's claims are dismissed. Plaintiff remains in the case only as the Administrator of the Estate on Cameron Massey. She is otherwise terminated as a party.

(6) Counts III and IV are dismissed without prejudice and with leave to plaintiff to amend her complaint. As the court is confused as to the legal theory for these claims and the facts underlying them, plaintiff should make clear in the amended complaint the exact legal theory for each Count and should set forth clearly the facts relevant to each Count.* If

---

* The court agrees with the recommendation's analysis of Count Three of the complaint in that plaintiff has not at this time pleaded sufficient facts to state an unskillfulness claim against the defendant city for the officers' use of force. Plaintiff has two arguably inconsistent theories: her federal claim that the defendant officers <u>intentionally</u> violated her son's Fourth Amendment rights in their use of force against him and her state-law claim against the city based on the officers' <u>unskillfulness</u> in that use of force. No one challenges the viability of the Fourth Amendment

2

plaintiff seeks to plead facts in the alternative to support the inconsistent claims, she should make this intent clear in the amended complaint and plead those facts needed to support each claim in a clearly designated section or other clear manner.

(7) Counts I and II, as brought by plaintiff in her capacity as executor of her son's estate, are unchallenged by the dismissal motion and thus remain in the case.

(8) Plaintiff's request for attorneys' fees for her state-law claims under a private attorney-general theory is not dismissed; instead, this issue will be left for resolution if and when plaintiff obtains a

---

claim. Instead, the magistrate judge found that the unskillfulness claim could not proceed because it was inconsistent with the facts pled in the complaint. Of course, there is no problem with pleading inconsistent theories; Federal Rules of Civil Procedure 8(d)(2) and (3) allow pleading of inconsistent or alternative facts and claims. The problem with the current complaint as to that claim is the lack of facts to support the unskillfulness theory.

Furthermore, the court is confused by plaintiff's insistence that Counts III and IV are not simply different legal theories supporting plaintiff's wrongful death claim. If there is another way to view those claims, the court does not understand it.

3

judgment in her favor on those claims.

It is further ORDERED that the case is referred back to the magistrate judge for further proceedings.

DONE, this the 29th day of September, 2017.

                              /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE