IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| JAQUELINE MASSEY, as the administrator of the estate of Cameron Massey, )<br>Plaintiff, )<br>v. )<br>RALPH CONNOR, et al., )<br>Defendants. ) | CIVIL ACTION NO.<br>2:15cv739-MHT<br>(WO) |

OPINION

The plaintiff, as an administrator, alleges that the then-chief of the Eufaula Police Department and another officer shot and killed her son, Cameron Massey, while he sat unarmed in the passenger seat of a car during an otherwise uneventful traffic stop. The amended complaint charges three counts: (1) a constitutional claim under 42 U.S.C. § 1983 against the police chief and officer; (2) a state wrongful-death claim against the police chief, officer, and City of Eufaula, Alabama; and (3) a state negligent-hiring

claim against the city. Now before the court is the magistrate judge's recommendation to deny the city's motion to dismiss the two counts against it.* After an independent and *de novo* review of the record, and for the following reasons, the court will reject the magistrate judge's recommendation and dismiss the counts against the city.

I.  DISCUSSION

A. Count Two: Wrongful-Death Claim

Because the plaintiff abandoned her claim against the city under Alabama's wrongful-death statute, 1975 Ala. Code § 6-5-410, it is due to be dismissed. Specifically, the plaintiff stated in her response to the city's motion to dismiss the amended complaint that she is "no longer pursuing her claim of wrongful death against the City." Response to Motion to Dismiss (doc. no. 71) at 1. The only reasonable interpretation of

---

* The police chief and officer defendants filed an answer to the amended complaint, not a motion to dismiss. *See* Answer (doc. no. 66).

2

this statement is that it refers to Count Two of the amended complaint, which reads "COUNT TWO (STATE CLAIM) ALA. CODE § 6-5-410 – WRONGFUL DEATH." The plaintiff's abandonment of the wrongful-death claim against the city results in its dismissal.

B. Count Three: Negligent-Hiring Claim

The plaintiff charges that the city is liable under 1975 Ala. Code § 11-47-190 for negligently hiring the police chief and officer defendants. The city makes several arguments why, contrary to the magistrate judge's recommendation, the negligent-hiring claim should be dismissed. The court need not reach all the city's arguments, because one of them is sufficient to warrant dismissal: the factual allegations in the amended complaint do not plausibly plead negligent hiring.

"To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Michel v. NYP*

*Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The allegations in the complaint must be accepted as true and construed in the light most favorable to the plaintiff." *Id.*

Crucially, however, the court need not accept as true "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts." *Oxford Asset Mgmt., Ltd., v. Jaharis*, 297 F. 3d. 1182, 1188 (11th Cir. 2002); *see also Roberts v. State of Ala. Dept. of Youth Servs.*, 2013 WL 4046383, at *2 (M.D. Ala. Aug. 9, 2013) (Thompson, J.) ("[G]eneralizations, conclusory allegations, blanket statements, and implications will not" allow the complaint to survive a motion to dismiss). Conclusory allegations are those which express "a factual inference without stating the underlying facts on which the inference is based." *Conclusory*, Black's Law Dictionary (11th ed. 2019); *see also Allstate Ins. Co. v. Advanced Health Prof'ls, P.C.*, 256 F.R.D. 49, 61 (D.

4

Conn. 2008) (Alberton, J.) ("These allegations are 'conclusory' because they 'express[] a factual inference without stating the underlying facts on which the inference is based.'").

Here, the city contends that the plaintiff failed to allege, plausibly, the knowledge requirement of the negligent-hiring claim--namely, that the hiring officials "actually knew, or should have discovered in the exercise of due diligence," that the chief and officer defendants were unfit for the job. *Ford v. City of Goodwater*, 2014 WL 37857, at *8 (M.D. Ala. Jan. 6, 2014) (Thompson, J.); *see also Shaw v. City of Selma*, 241 F. Supp. 1253, 1281 n.32 (S.D. Ala. 2017) (Steele, J.) ("Under Alabama law, a critical element of a claim of negligent hiring, training and supervision is 'proof of the employer's actual or constructive awareness of the employee's incompetency."). As explained below, the court agrees that the plaintiff did not adequately plead this requirement.

The plaintiff's allegations related to the

5

knowledge requirement are limited to the following: the police chief "had a history of excessive force regarding the use of firearms. In fact, one city official involved with hiring [the chief] stated that had he known about [the chief's] history, Eufaula would have never hired [him]." Am. Compl. (doc. no. 62) at 14; *see also id.* at 18-19. Furthermore, had the city performed a basic background check it would have known the police chief "was unfit and had a propensity to use excessive deadly force." *Id.* at 15.

These allegations are deficient. To start, that the police chief "had a history of excessive force regarding the use of firearms" is a conclusory allegation, and thus insufficient to allow the complaint to survive a motion to dismiss. Having "a history of" engaging in some type of wrong is a "factual inference" that does not state "the underlying facts on which the inference is based," *Conclusory*, Black's Law Dictionary, such as the specific occasions when Conner used excessive force. When plaintiffs have

6

alleged "a history of" bad behavior, courts have repeatedly described the allegation as "conclusory." *See McMullan v. United States*, 2017 WL 8220209, at *3 (6th Cir. Dec. 13, 2017) (referring to the plaintiff's "conclusory allegation" that "Scott had a history of negative and harassing behavior"); *Forsberg v. Pac. Nw. Bell Tel. Co.*, 840 F.2d 1409, 1419 (9th Cir. 1988) ("[G]eneral and conclusory allegations concerning the alleged discriminatory history of AT & T fail to raise a material issue of fact."); *Echols v. Bellsouth Telecomms., Inc.*, 385 F. App'x 959, 961 n.2 (11th Cir. 2010) (unpublished) ("Echols' conclusory assertion of a history of biased decision-making is wholly without merit."); *Gibson v. Verizon Servs. Org., Inc.*, 498 F. App'x 391, 394 (5th Cir. 2012) (unpublished) ("Though she alleges that Fettig had a history of bullying women in the workplace, she provides nothing to support this conclusory statement ... ."); *Hernandez v. City of Farmersville*; 2010 WL 761202, at *5 (E.D. Cal. Mar. 3, 2010) (O'Neill, J.) ("The complaint makes vague,

7

conclusory allegations" of "knowledge of 'a history of abuse'").

Also conclusory is the allegation that, if the city conducted a proper background check, it "would have known [the police chief] was unfit and had a propensity to use excessive deadly force." Am. Compl. (doc. no. 62) at 15. This allegation essentially recites the knowledge requirement for a negligent-hiring claim, without stating the underlying facts for the conclusion that the chief was "unfit" and had a "propensity to use excessive deadly force." *See Twombly*, 550 U.S. at 555 (explaining that "a formulaic recitation of the elements of a cause of action will not" satisfy pleading requirements).

The bottom line is that the amended complaint is devoid of any examples of incidents that would support the alleged factual inferences that the chief was "unfit" and had a "history of" and "propensity to use" excessive force. *See also Galloway v. City of Abbeville, Ala.*, 871 F. Supp. 2d 1298, 1310-11 (M.D.

Ala. 2012) (Fuller, J.) (dismissing municipal negligent-hiring claims where amended complaint containing allegation that "Babinski and Duhaime had prior incidents and complaints of brutality and excessive force" was "devoid of any examples of either Babinksi or Duhaime committing constitutional violations in the past").

Finally, the conclusory allegations in the complaint are not cured by the assertion that "one city official involved with hiring [the police chief] stated that had he known about [the police chief's] history, Eufaula would have never hired [him]." Am. Compl. (doc. no. 62) at 14. This allegation merely posits one anonymous official's opinion. Critically, it does not state what alleged aspect of the chief's history would have prevented the city from hiring him. Even reading the allegation in the light most favorable to the plaintiff, it is not clear whether the official expressed that the hiring decision would have been different based on past incidents of excessive force by

the chief, as opposed to some other reason.  Indeed, it is not clear from the statement attributed to the official whether the reason related to the chief's competency.  In any event, even if the official had specified that the reason was a "history of excessive force"--or something conclusory along those lines--the complaint would still need to provide concrete examples of such misconduct.

In sum, because the plaintiff fails to allege, plausibly, the knowledge requirement of negligent hiring, the claim will be dismissed without prejudice.

An appropriate judgment will be entered.

DONE, this the 2nd day of August, 2019.

                                      /s/ Myron H. Thompson
                                **UNITED STATES DISTRICT JUDGE**